PROVO’STX, J.
Plaintiff sued for a money judgment, and accompanied the suit by attachment. Defendant answered that the property attached was his homestead, and therefore not liable to seizure. The court gave plaintiff judgment, and perpetuated the attachment, and ordered the attached property to be seized and sold to satisfy the judgment, but with reserve of defendant’s homestead rights. Execution issued on the judgment, and the property was sold for cash. A creditor with vendor’s privilege filed a third opposition claiming part of the proceeds, and defendant filed a third opposition claiming the remainder, by virtue of his homestead rights.
The plaintiff pleads the judgment maintaining the attachment and ordering the property to be seized and sold as res judicata of the homestead claim thus set up.
[1] How, upon the issue of homestead vel non raised by the answer to the attachment suit, the court could maintain the attachment and order the property to be seized and sold, and at the same time reserve the homestead rights, is not very apparent; however, the court did make this reservation, and hence the said judgment cannot be considered as having closed the door against the assertion of these rights.
[2] The defendant became the adjudicatee of the property at the sale, but did not pay the price; he, a few days thereafter, transferred the adjudication to another party, who made the payment and received a deed of title from the sheriff. Plaintiff’s learned counsel argue that at a sheriff’s sale it is the adjudication and not the sheriff’s deed of title which constitutes the sale and conveys the ownership of the property, and that, therefore, the sheriff’s sale must be considered as having been made to defendant himself and not to this third party, and the price must be considered to have been paid by defendant, and not by this third party, and that defendant, or third opponent, cannot, under claim of homestead rights, have both the property and the price. Indeed, that as he was the purchaser of his own property the money paid by him to the sheriff must be looked upon simply as money paid towards the extinguishment of the debts to satisfy which the sale was made.
The answer to all this is that the evidence shows that the defendant, or third opponent, did not pay the price, but that the person to whom he transferred the adjudication did; that the land does not belong to him, but to his transferee.
Judgment affirmed.